```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF GEORGIA
                   COLUMBUS DIVISION
```

LORETTA WRIGHT,                *

    Plaintiff,             *

vs.                            *      CASE NO. 4:14-CV-2 (CDL)

BANK OF AMERICA, N.A., *et al.*, *

    Defendants.            *

O R D E R

Plaintiff Loretta Wright, proceeding *pro se*, filed a "Declaration of Insolvency" in this Court. Citing 11 U.S.C. § 362 and "12 U.S.C. [§] 108d," Wright asks the Court to cancel her debts to Defendants, as well as "all known and unknown current valid and outstanding debts anywhere on planet Earth."[1] Compl. 1, ¶ 3, ECF No. 1; Am. Compl. 1, ¶ 3, ECF No. 3. Defendants argue that Wright's Complaint fails to state a claim and should be dismissed under Federal Rule of Civil Procedure 12(b)(6). As discussed in more detail below, the Court agrees, and Defendants' motions to dismiss (ECF Nos. 8 & 20) are granted. In addition, Wright's motion to dismiss Defendant Educational Credit Management Corporation (ECF No. 19) is granted.

---

[1] 11 U.S.C. § 362 provides for an automatic stay of actions after the filing of a bankruptcy petition. There is no current statute numbered 12 U.S.C. § 108d. In 1994, a statute that had been codified at 12 U.S.C. § 108 was repealed. That statute related to examination of plates, dies, and other material by the Comptroller of the Currency.

Wright is not pursuing protection under the United States Bankruptcy Code. Rather, as she puts it, she "is seeking a ground breaking/landmark/benchmark law(s)" to relieve her of *all* her debts, not just those debts that are dischargeable in bankruptcy. Pl.'s 1st Resp. to Bank of Am.'s Mot. to Dismiss 2, ECF No. 17 (noting that Wright cannot satisfy the "means test" for a Chapter 13 individual debt adjustment plan and that her "taxes, other government debts, and mortgage would not be written off" under a Chapter 7 plan). Wright misunderstands the power of the judicial branch. The Court cannot make up a law to relieve her of her debts. Legislating is the job of Congress, and it likely could not even provide the relief Wright seeks—individual relief that applies only to her. U.S. Const. art. I, § 1; *id.* art. I, § 8 (stating that Congress has the power to establish "uniform Laws on the subject of Bankruptcies throughout the United States"). Congress has already created a comprehensive system to provide honest debtors with a fresh start: the United States Bankruptcy Code. If Wright wants relief from her debts, she must use the route Congress provided, even if that route does not provide all the relief Wright wants.

Wright nonetheless contends that she is entitled to debt relief to ensure her "unalienable rights to life, liberty and the pursuit of happiness under the Declaration of Independence and the Fourteenth Amendment." Pl.'s 1st Resp. to Bank of Am.'s

2

Mot. to Dismiss 2. The Fourteenth Amendment prohibits a State from depriving "any person of life, liberty, and property, without due process of law." U.S. Const. amend XIV, § 1. In her Complaint and her Amended Complaint, Wright did not allege any facts to suggest that any State has deprived her of property without due process. So, to the extent that Wright is attempting to assert a due process claim under the Fourteenth Amendment, that claim is dismissed.

In her responses to Defendants' motions to dismiss, Wright appears to allege that Defendant Bank of America has foreclosed on or is attempting to foreclose on property Wright owns. Wright argues that "the current United States Foreclosures Laws [sic]" are unconstitutional and that Defendant Bank of America "should not be allowed to foreclose on property since it was a recipient of Federal money incentives programs [sic] at taxpayers [sic] expense." Pl.'s 2d Resp. to Bank of Am.'s Mot. to Dismiss 2, ECF No. 18. At a more fundamental level, Wright contends that foreclosure "is a crime against humanity because it is cruel and humane." *Id.* The Court declines to strike down the Nation's foreclosure laws, which routinely have been upheld by the higher courts. The Court also declines to attempt to rewrite Wright's pleadings to assert a claim under a valid law. Even if the Court were permitted to help Wright rewrite her

Complaint—which it is not—the Court cannot speculate about the facts and circumstances that might give rise to valid claims.

In summary, Wright's Complaint and Amended Complaint are frivolous. But more to the point, they fail to state a claim under existing law. Defendants' motions to dismiss (ECF Nos. 8 & 20) are granted, and this action is dismissed in its entirety.

IT IS SO ORDERED, this 19th day of May, 2014.

S/Clay D. Land

CLAY D. LAND
UNITED STATES DISTRICT JUDGE
